**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CRIMINAL NO. 1:08CR128**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| VS. | ) | <u>O R D E R</u> |
| | ) | |
| | ) | |
| GLENDA ALBRIGHT ADAMS | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's appeal of the detention order filed by the Magistrate Judge. ***See* Order, filed February 27, 2009; Motion for Bond Reconsideration, filed March 6, 2009.**

Defendant is charged with one count of conspiracy to possess with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. ***See* Indictment, filed December 3, 2008.** On January 13, 2009, Defendant was arrested and appeared before the Magistrate Judge for an initial appearance the following day. Defendant was later released on a $25,000 unsecured bond. ***See* Order Setting Conditions of Release, filed January 29, 2009.**

One of the conditions of her release required Defendant to participate in the CHAMPS drug treatment program when a bed became available. *Id.* **at 2.** Subsequently, Defendant entered into a plea agreement with the Government and entered her plea on February 25, 2009. After the Rule 11 hearing, the Magistrate Judge revoked the conditions of pretrial release and ordered Defendant detained pending sentencing. **Order, filed February 27, 2009.** This appeal follows.

The Mandatory Detention Act of 1990 requires that defendants found guilty of certain categories of offenses involving controlled substances be detained pending sentencing. There are three exceptions to this mandatory detention. **See 18 U.S.C. § 3143(a)(2);** *United States v. Goforth*, **546 F.3d 712, 713-714 (4th Cir. 2008).** Defendant contends that release is appropriate under 18 U.S.C. § 3145(c). **Motion for Bond Reconsideration,** *supra***, at 1.** This section provides that a "person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." **18 U.S.C. § 3145(c)**.

Courts considering the meaning of "exceptional reasons" have generally concluded that a defendant must present circumstances that are "clearly out of the ordinary, uncommon or rare." **United States v. Larue, 478 F.3d 924, 926 (8th Cir. 2007) (rejecting defendant's argument that complying with pretrial release terms, a lack of criminal history, child support obligations, and continued employment represent exceptional reasons);** *see also United States v. Lea*, **360 F.3d 401, 403 (2d Cir. 2004) ("Exceptional circumstances exist where there is 'a unique combination of circumstances giving rise to situations that are out of the ordinary.'" (quoting** *United States v. DiSomma*, **951 F.2d 494, 497 (2d Cir. 1991)).**

Defendant contends that she entered the CHAMPS drug treatment program in Charlotte, North Carolina, at some point following her release pending trial. Defendant argues that her detention has disrupted her participation in the program and her "need for ongoing drug treatment via the CHAMPS program constitutes an 'exceptional reason' under § 3145(c)." **Motion,** *supra*, **at 2.** After considering Defendant's arguments and the relevant case law, the Court concludes that her continued

participation in the CHAMPS program does not represent an exceptional reason that would support release pending sentencing.

**IT IS, THEREFORE, ORDERED** that the Order of Detention filed by the Magistrate Judge is **AFFIRMED**, and the Defendant's appeal of that order is **DENIED**.

Signed: March 16, 2009

Lacy H. Thornburg
United States District Judge