IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CRIMINAL CASE NO. 1:08cr128-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| GLENDA ALBRIGHT ADAMS. ) | |
| ) | |

**THIS MATTER** is before the Court on the Defendant's filing [Doc. 459], which the Court construes as a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c).

I. PROCEDURAL BACKGROUND

On February 25, 2009, the Defendant pled guilty pursuant to a plea agreement to one count of conspiring with others to possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). [Doc. 170]. On July 23, 2009, the Court sentenced the Defendant to 97 months' imprisonment and three years of supervised release. [Doc. 256]. The Defendant appealed her sentence. On

September 24, 2010, the Fourth Circuit Court of Appeals affirmed. United States v. Adams, 396 F. App'x 953 (4th Cir. 2010).

The Defendant now moves for a reduction of her sentence based upon the Fair Sentencing Act of 2010, which amended the provisions of 21 U.S.C. § 841(b) by increasing the amount of crack cocaine required to trigger mandatory minimum sentences. [Doc. 459]. The Court will construe the Defendant's *pro se* filing as a motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c).

II. **ANALYSIS**

A district court may modify a term of imprisonment only in limited circumstances. See 18 U.S.C. § 3582(b), (c). Specifically, "a district court 'may not modify a term of imprisonment once it has been imposed' unless the Bureau of Prisons moves for a reduction, the Sentencing Commission amends the applicable Guidelines range, or another statute or Rule 35 *expressly* permits the court to do so." United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010) (quoting 18 U.S.C. § 3582(c)). None of these circumstances is applicable in the present case.

First, the Bureau of Prisons has not moved for a reduction of the Defendant's sentence. See 18 U.S.C. § 3582(c)(1)(A). As for the second circumstance, 18 U.S.C. § 3582 provides that the Court may modify a defendant's sentence if the defendant was sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 1B1.10 of the Guidelines sets forth the Sentencing Commission's policy statement with respect to reductions in sentence based on subsequent amendments and specifically identifies those amendments that courts may apply retroactively pursuant to § 3582(c)(2). See U.S.S.G. § 1B1.10(a)(2)(A). There is no amendment listed in subsection (c) that lowers a Guidelines range due to the Fair Sentencing Act. See United States v. Millhouse, No. 7:04-CR-85-F3, 2010 WL 4338383, at *2 (E.D.N.C. Oct. 22, 2010). As such, § 3582(c)(2) does not serve as a basis to reduce the Defendant's sentence.

With respect to the third circumstance, Rule 35 is not applicable to this case and therefore cannot serve as a basis to reduce the Defendant's sentence. Nor is there any federal statute that expressly permits the

modification of the Defendant's sentence. The Fair Sentencing Act of 2010 itself does not apply retroactively. United States v. Nelson, No. 09-4297, 2010 WL 4676614, at *1 (4th Cir. Nov. 18, 2010).

For these reasons, the Court concludes that the Defendant is not entitled to a sentence reduction pursuant to § 3582(c). Nonetheless, because the Sentencing Commission may determine in the future to make the Fair Sentencing Act retroactive, this motion will be denied without prejudice. See Millhouse, 2010 WL 4338383, at *2 n.1.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Defendant's filing [Doc. 459], which the Court construes as a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c), is **DENIED**.

**IT IS SO ORDERED.**

Signed: March 23, 2011

Martin Reidinger
United States District Judge