# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:08cr128-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| GLENDA ALBRIGHT ADAMS. ) | |

**THIS MATTER** is before the Court on the Defendant's motion for a reduction in sentence, which the Court construes as a second motion for reconsideration [Doc. 606].

The Defendant again moves for reconsideration of the denial of her motion for a reduction of her sentence based on Amendment 750. For grounds, the Defendant cites recent decisions from the Third, Sixth, Seventh, and D.C. Circuit Courts of Appeals decisions,[1] which held that defendants whose sentences were reduced below a mandatory minimum for substantial assistance may still receive the benefit of a sentence reduction under Amendment 750.

---

[1] United States v. Savani, 733 F.3d 56 (3d Cir. 2013); United States v. Blewett, 719 F.3d 482, vacated on reh'g *en banc* (6th Cir. Dec. 3, 2013); In re Sealed Case, 722 F.3d 361 (D.C. Cir. 2013); and United States v. Wren, 706 F.3d 861 (7th Cir. 2013).

The law of this Circuit, however, remains unchanged. Because the Defendant's sentence was not "based on" any sentencing range authorized by the Sentencing Guidelines section setting forth offense levels for crack cocaine offenses but rather was based on a mandatory minimum sentence, the Defendant is not eligible for a sentence reduction under Amendment 750 and § 3582(c)(2). See United States v. Hood, 556 F.3d 226, 232-37 (4th Cir. 2009); United States v. Freeman, No. 4:06CR00016, 2012 WL 178354, at *6 (W.D. Va. Jan. 23, 2012), aff'd, 474 F. App'x 180 (4th Cir. 2012).

**IT IS, THEREFORE, ORDERED** that the Defendant's motion for a reduction in sentence, which the Court construes as a second motion for reconsideration [Doc. 606], is **DENIED**.

**IT IS SO ORDERED**.

Signed: December 4, 2013

Martin Reidinger
United States District Judge